IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH,<br><br>   Plaintiff,<br><br>  v.<br><br>UNION PACIFIC RAILROAD COMPANY, et al.,<br><br>   Defendants | No. C-08-1256 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART UNION PACIFIC'S MOTION TO DISMISS; DENYING WEST COAST'S MOTION TO DISMISS; DISMISSING FIRST CAUSE OF ACTION WITH LEAVE TO AMEND** |

Before the Court are two motions to dismiss the complaint of plaintiff Northern California River Watch ("River Watch"): (1) defendant Union Pacific Railroad Company's ("Union Pacific") motion to dismiss, filed May 16, 2008, as amended July 1, 2008, and (2) defendant West Coast Metals, Inc.'s ("West Coast") motion to dismiss, filed June 23, 2008. In response thereto, River Watch has filed a single opposition, to which West Coast has replied. Union Pacific has not filed a reply, but has filed a Statement of Recent Opinion.[1] Having read and considered the papers filed in support of and in opposition to the motions,

//

---

[1] On August 28, 2008, River Watch filed a response to the Statement of Recent Opinion. Because River Watch did not seek, let alone receive, permission to file such response, as required by Civil Local Rule 7-3(d), the Court has not considered the response.

the Court rules as follows:[2]

    1. Contrary to Union Pacific's argument, the First Cause of Action, by which River Watch alleges a violation of the Clean Water Act ("CWA"), is not subject to dismissal by reason of any failure by River Watch to include in its notice of intent to sue "sufficient information to permit [Union Pacific] to identify . . . the location of the alleged violation [and] the dates of [the] violation." See 40 C.F.R. § 135.3(a).[3]  Union Pacific does not contend the identified site, specifically, 99 Frances Street, Santa Rosa, California, Sonoma County Assessor's Parcel Number 37-012-1 ("the Site"), is so large or was subject to varying usage such that Union Pacific lacked sufficient information to identify the location of the asserted violation.  Further, where, as here, the plaintiff alleges the violation is ongoing, "there is no specific date that can be alleged as the date of the violation." See National Resources Defense Council v. Southwest Marine, Inc., 236 F. 3d 985, 996 (9th Cir. 2000).[4]

    2. Contrary to River Watch's argument, the First Cause of Action is subject to dismissal for failure to state a claim, specifically, for failure to allege that Union Pacific is discharging pollutants into waters "from [a] point source[ ]," i.e., "through a confined, discrete conveyance." See Trustees for Alaska v. Environmental Protection Agency, 749 F. 2d 549, 558 (1984).[5]  To the extent River Watch relies on its conclusory allegation that the Site itself is a "point source," (see Compl. ¶¶ 23, 26), such reliance is unavailing, as River Watch fails to identify as existing at the Site any "confined, discrete conveyance" by

---

[2] By order filed August 26, 2008, the Court took the matters under submission.

[3] A pre-suit CWA notice must contain other information, for example, "the activity alleged to constitute a violation." See id.  Union Pacific does not argue the notice is deficient in such regard, or as to any required information other than the location and dates of the alleged violation.

[4] To the extent West Coast seeks dismissal of the First Cause of Action, the motion will be denied as moot, in light of River Watch's having voluntarily dismissed the First Cause of Action as against West Coast.

[5] "Nonpoint source pollution is not regulated directly by the [CWA]"; rather, the CWA "requires states to adopt nonpoint source management programs." See Oregon Natural Desert Ass'n v. Dombeck, 172 F. 3d 1092, 1096-97 (9th Cir. 1998).  Accordingly, any claim that Union Pacific is discharging pollutants from a nonpoint source would fail to state a claim under the CWA.

1  which pollutants are discharged into the Santa Rosa Creek, the subject waters.  See, e.g.,
2  Parker v. Scrap Metal Processors, Inc., 386 F. 3d 993, 1009 (11th Cir. 2004) (holding "piles
3  of debris [that] "collected water, which then flowed into the stream" were "point sources");
4  Headwaters, Inc. v. Talent Irrigation Dist., 243 F. 3d 526, 532 (9th Cir. 2001) (identifying
5  "point source" as "hose that delivered the [pollutant] to the canals"); Trustees for Alaska,
6  749 F. 2d at 558 (holding "sluice box, a confined channel" at mining site was "point source"
7  by which pollutants were discharged into waters).

8        3. Contrary to defendants' arguments, the Second Cause of Action, by which River
9  Watch alleges a claim under the Resource Conservation and Recovery Act ("RCRA"), 42
10 U.S.C. § 6972(a)(1)(A), is not subject to dismissal for failure to allege a continuing
11 violation.  In particular, River Watch's allegation that "[p]ollutants at the Site leach into
12 groundwater from the residues of defendants' use and storage of scrap metal, automobile
13 parts and industrial metal waste," (see Compl. ¶ 8), is sufficient to allege a continuing
14 violation.  As one court has explained:  "If a person disposes of hazardous waste on a
15 parcel of property, the hazardous waste remains in that property insidiously infecting the
16 soil and groundwater aquifers [and] the violation continues until the proper disposal
17 procedures are put into effect or the hazardous waste is cleaned up."  See Gache v. Town
18 of Harrison, 813 F. Supp. 1037, 1042 (S.D. N.Y. 1993) (internal quotation and citation
19 omitted).

20       4. Contrary to defendants' argument, the Third Cause of Action, by which River
21 Watch alleges a violation of RCRA, 42 U.S.C. § 6972(a)(1)(B), does not fail to state a
22 claim.  The complaint alleges West Coast, a leasee, disposed of hazardous waste at the
23 Site, specifically, "halogenated organic compounds and volatile organic compounds" in
24 amounts "significantly greater" than allowed by law, (see Compl. ¶ 31),[6] that such waste
25 "cause[d] contamination of soil, groundwater and surface water," (see Compl. ¶ 8), that

---

[6] According to a pre-suit RCRA notice provided by River Watch to both defendants, West Coast ran a metal salvage operation at the Site between 1979 and 1986.  (See Compl. Ex. B at 2; Compl. ¶ 2 (incorporating by reference contents of RCRA notice).) Neither defendant argues that River Watch's RCRA notice is in any respect deficient.

3

Union Pacific, the owner of the Site, was informed by a state agency in 1988 that the Site was contaminated by pollutants, (see Compl. Ex. B at 2-3), that, although Union Pacific took an "interim remedial measure" in 1994, Union Pacific has not taken "further remedial actions" that are "necessary for effective cleanup," (see Compl. Ex. B at 3), and that the contamination currently on the Site is of a "sufficient quantity to pose an imminent and substantial risk to both the environment and human health," (see Compl. ¶ 51), in light of the use of the affected waterways "for drinking water, water contact recreation, non-contact water recreation, fresh water habitat, wildlife habitat, preservation of rare and endangered species, fish migration, fish spawning, industrial service supply, navigation, and sport fishing," (see Compl. ¶ 25). Such allegations are sufficient to state a claim under § 6972(a)(1)(B). See 42 U.S.C. § 6972(a)(1)(B) (setting forth elements of claim; providing for liability of "owner or operator" who "has contributed to," inter alia, "handling, storage . . . or disposal" of "any solid or hazardous waste" that "may present an imminent and substantial endangerment" to health or environment).

## CONCLUSION

For the reasons stated above:

1. Union Pacific's motion to dismiss is hereby GRANTED in part and DENIED in part, as follows:

    a. To the extent Union Pacific seeks dismissal of the First Cause of Action for failure to state a claim, the motion is GRANTED, and the First Cause of Action is DISMISSED, with leave to amend. Any First Amended Complaint shall be filed no later than September 12, 2008.

    b. In all other respects, the motion is DENIED.

2. West Coast's motion to dismiss is hereby DENIED.

**IT IS SO ORDERED.**

Dated: August 29, 2008

_____
MAXINE M. CHESNEY
United States District Judge