Jack Silver, Esq. SBN 160575
Law Office of Jack Silver
Jerry Bernhaut, Esq. SBN 206264
Claire Morel-Seytoux, Esq. SBN 171093
Post Office Box 5469
Santa Rosa, CA 95402-5469
Tel.   (707) 528-8175
Fax.   (707) 528-8675
lhm28843@sbcglobal.net
Attorneys for Plaintiff
NORTHERN CALIFORNIA WATCH

Melissa B. Hagan (SBN: 17225200 (Texas))
UNION PACIFIC RAILROAD COMPANY
Law Department
1001 McKinney St., Ste. 900
Houston, Texas 77002
Direct: (713) 220-3207
Fax:    (713) 220-3215
mbhagan@up.com

Michael L. Johnson (SBN: 88884)
UNION PACIFIC RAILROAD COMPANY
Law Department
10031 Foothills Boulevard, Suite 200
Roseville, CA 95747
Office: (916) 789-6400
Direct: (916) 789-6231
Fax:    (916) 789-6227
Attorneys for Defendant
UNION PACIFIC RAILROAD COMPANY

Michael J. Pietrykowski
Mordecai Boone
Gordon & Rees LLP
275 Battery Street, Ste. 2000
San Francisco, CA 94111
Office: (415) 986-5900
Direct: (415) 875-4269; (415) 875-3347
Fax:    (415) 986-8054
mboone@gordonrees.com
Attorneys for Defendant
West Coast Metals

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA WATCH, a non-profit Corporation,<br><br>　　　Plaintiff,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY, WEST COAST METALS INC. and DOES 1 – 10, Inclusive,<br><br>　　　Defendants. | Case No.:8-CV-1256-MMC (BZ)<br><br>Stipulation re:  Agreed Protective Order and Proposed Order<br><br>Date Filed:  March 4, 2008 |

## STIPULATION RE:  AGREED PROTECTIVE ORDER AND PROPOSED ORDER

The parties through their attorneys of record, stipulate to the following agreed conditions for obtaining and using records designated as confidential and testimony regarding those records in this lawsuit:

1.　This Agreed Protective Order ("Order") shall govern the use and dissemination of all documents and other materials designated as confidential, as further explained in paragraph and 5 below, which are produced by any party in relation to this action.

2.　This Order shall remain in full force and effect unless modified by an order of this Court or by the written stipulation of counsel for all parties.  All parties are immediately bound by the terms of this Order upon entry of this Order unless it is subsequently modified by an order of the Court or by the written stipulation of counsel for all parties.

3.　Nothing in this Order shall limit or preclude a party to this proceeding from applying to the Court for relief from this Order, or for such further and additional protective orders as the Court may deem appropriate.

4.　Any person or entity who produces or supplies information, documents or tangible items for use in this action (hereinafter "Designating Party" or "Producing Party") may, under this Order, designate

as "Confidential" or "Confidential/Attorneys Eyes Only" any such material that they/it reasonably and in good faith believe is confidential, private, proprietary, trade secrets or similarly protected information. "Confidential" or "Confidential/Attorneys Eyes Only" materials shall include, but are not necessarily limited to: trade secrets, proprietary information, private and personal information regarding employees or other individuals (including, but not limited to, social security numbers, medical information, or any other information), or any other information that any Designating or Producing Party reasonably and in good faith believes should be protected from public disclosure.

5. All documents, information, and tangible items to which this Order applies shall be designated as protected and confidential by the Designating Party or the Producing Party labeling such documents, information, or items as "Confidential" or "Confidential/Attorneys Eyes Only" on the face of the original or photocopy of the document, information, or tangible item being produced, and upon each page so designated, if practicable. Failure to so mark every page does not remove said pages from this Order's scope. For deposition testimony such designation shall be made by identifying specific testimony as "Confidential" or "Confidential/Attorneys Eyes Only" on the record at the deposition.

6. Documents and information designated as "Confidential" or "Confidential/Attorneys Eyes Only" pursuant to this Order shall not be furnished or disclosed to any person or entity except as provided for herein. Documents and information designated as confidential pursuant to this Order shall be used solely for the purposes of the above-captioned litigation (or similar litigation involving the Designating or Producing Party and in which the attorneys of record in this litigation are also the attorneys of record in that similar litigation) and shall not be used for any business or other purpose whatsoever.

7. Material designated as "Confidential" shall not be disclosed other than as expressly authorized in this Order, and may be disclosed only to the following:

    a. This Court and its personnel during this litigation.

    b. Counsel of record for any party in this litigation.

    c. Other in-house attorneys employed by the parties herein and/or attorneys or employees of the law firms of record in this case to the extent reasonably necessary to render professional services in this litigation, provided that, prior to disclosure, counsel of record certified that they have advised such other attorneys and employees of their obligations under this Order.

Neither plaintiff nor their counsel of record may disclose, share, communicate, or provide confidential documents, or the information contained therein, to any person other than attorneys or employees employed by The Law Office of Jack Silver or other counsel of record for plaintiff.

   d. To persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify in this case. As to anyone shown confidential information under this subparagraph, disclosure shall not include the physical transfer to or retention by such individual of any document, copy, or any tangible item containing confidential information.

   e. Court reporters retained for depositions, hearings or other events in the above-captioned litigation.

   f. Outside copying services or vendors provided that said copying service or vendor refrains from retaining or providing copies of any such documents to anyone other than the party providing them such documents.

   g. Officers, directors, representatives and employees of a party (including in-house counsel) who are directly involved in the above-captioned litigation.

   h. Any consultant, investigator, independent expert, or non-testifying consultants working on this case (collectively, "Expert") who is assisting in the preparation and trial of this litigation, but only to the extent reasonably necessary to enable such Expert to render such assistance and only so long as they agree in writing to be bound by the terms of this Order

8. Material designated as "Confidential/Attorneys Eyes Only" shall not be disclosed other than as expressly authorized in this Order, and may be disclosed only to the following:

   i. The Court and court personnel, if reasonably necessary to support a party's filing in the above-captioned litigation.

   j. Outside Counsel and in-house counsel employed by the parties and their employees who are working directly on this litigation and to whom it is necessary that the material be disclosed.

   k. Expert witnesses retained by the parties for the prosecution of this litigation, provided that they agree in writing to be bound by the terms of this Order and other parties to the above-

-4-

1 captioned litigation are notified of such person's retention at least five business days prior to any disclosure of "Confidential/Attorneys Eyes Only" information. If any other party to the above-captioned litigation objects to disclosure within the five day period, then no disclosure shall be made until the objection is resolved.

9. If any person or entity wishes to disclose any material designated as confidential to any person not described in paragraphs 7 or 8 of this Order, permission to so disclose must be requested in writing and obtained in writing from the Designating or Producing Party or its counsel. If the Designating or Producing Party or its counsel objects to the proposed disclosure, no such disclosure shall be made unless the Court, upon application by the party requesting such permission, orders otherwise. Under no circumstances shall material designated as confidential be communicated in any way to an employee of any party, excluding in-house counsel and executive level employees, without prior written agreement of the Designating or Producing Party or a court order. However, each Designating Party or Producing Party may disclose its own confidential material without regard to this Order, unless otherwise prohibited under an existing order or duty to do so.

10. Any person or entity producing documents for use in this case pursuant to subpoenas may designate such documents as "Confidential" or "Confidential/Attorney Eyes Only" in accordance with paragraph 5 above before production. If any party to this case wishes to designate documents produced by third-parties as "Confidential" or "Confidential/Attorney Eyes Only," the party will have thirty calendar days, which may be extended by agreement, after the receipt of the documents to provide a log to counsel for all other parties, identifying the documents by bates number, if available, or by other sufficient description to identify the documents to be protected under this Order. The parties will then prominently mark each page of the documents "Confidential" or "Confidential/Attorney Eyes Only" on all such documents to the extent practical in their possession.

11. Should any party or counsel in this litigation receive a subpoena or other formal process issued by any state or federal government department, bureau, administrative agency, court, or other entity seeking the production of any of the documents subject to this Order, such party or counsel shall notify counsel for the Designating or Producing Party in writing of the existence and content of such subpoena or formal process within five business days of receipt of the subpoena or formal process. The Designating or

-5-

Producing Party may assert any objections it may have to production of the documents. In no event shall any party or counsel in this litigation release any documents in their possession or copy thereof in response to such subpoena or process, which is subject to this Order, without either the Designating or Producing Party's prior written consent, or upon order of this Court ruling upon any objection which the Designating or Producing Party may have raised.

12. Any notes, summary, compilation, copy, electronic image, or database containing confidential information shall be subject to the terms of this Order to the same extent as the material or information from which such summary, compilation, copy, electronic image, or database is made or derived.

13. Review of the confidential information by any person under paragraphs 7 and 8 of this Order shall not waive the confidentiality of the documents or objections to production.

14. Each independent expert or consultant used by a party for purposes of this case, and each of the persons identified in sub-paragraphs 7(d), 7(h), or 8(c) shall read this Order and each shall agree in writing, by signing and completing the Agreement attached hereto as Exhibit "A," to be bound by the terms of this Order concerning receipt and disclosure of items under this Order. A copy of each signed and completed Agreement shall be maintained by the attorney of record for the party who engaged the independent expert or consultant. A party's counsel need only identify a non-testifying, consulting expert generically to opposing counsel, without specific reference to the consultant's name or field of expertise. The specific identity of the consultant will need to be disclosed should the consulting expert become a testifying expert.

15. A receiving party shall not be obligated to challenge the propriety of a designation of an item as "Confidential" or "Confidential/Attorneys Eyes Only" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this proceeding objects at any stage of this proceeding to the designation by another party of any item as "Confidential" or "Confidential/Attorneys Eyes Only," the parties first shall try to resolve such dispute in good faith without involving the Court. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court. Exceptions to this Order may be made by written or transcribed agreement of the parties, and either party may seek an order of the Court modifying this Order. This Order shall be without prejudice to

1  any party to bring before the Court at any time the question of whether any particular item is or is not, in
2  fact, confidential, private, proprietary, or trade secret information, or otherwise appropriately designated in
3  accordance with this Order.

4      16.     Documents, information, and tangible things that have been labeled "Confidential" or
5  "Confidential/Attorneys Eyes Only" shall not be filed with the Court or otherwise made of public record.
6  Any in-camera disclosure of confidential information shall not, under any circumstances, be deemed a
7  waiver, in whole or in part, of any party's claim of confidentiality.  If any "Confidential" or
8  "Confidential/Attorneys Eyes Only" documents are absolutely essential to any party's filings in this case,
9  then when possible the confidential information may be redacted prior to use.  If redaction is not possible,
10 such documents must be filed ~~for in camera review~~ in accordance with Local Rule 79-5 and prominently and appropriately labeled "For the
11 Court's Eyes Only—Filed Pursuant to the Protective Order Entered in This Case—Do Not Open Without
12 the Court's Permission."

13     17.     To the extent practicable, designated items or the substantive information contained within
14 designated items shall be filed separately or in severable portions of filed papers, so that non-designated
15 items may be freely disseminated.  No designated items or substantive information contained within a
16 designated item shall be included in whole or in part in pleadings, motions, briefs, or other papers filed with
17 the Court except as provided in this paragraph.

18     18.     The inadvertent or unintentional failure to designate any information "Confidential" or
19 "Confidential/Attorneys Eyes Only" pursuant to this Order or to assert a claim of privilege or work-product
20 immunity shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is
21 asserted in a timely manner.  At such time, arrangements shall be made for the Designating Party or
22 Producing Party to substitute properly labeled copies or, in the case of inadvertently produced privileged
23 work-product documents, the documents shall be returned forthwith to the party claiming privilege or
24 work-product immunity.  From the time such post-production designation is made it shall have the same
25 effect as if each individual item designated on a post-production basis was in fact marked as set forth in
26 paragraph 5.

27     19.     This Order is not intended to govern the use of the confidential information at any trial of
28 this action. No party shall make use of information designated as confidential at trial of this action without

-7-

providing prior written notice within ten business days to the Designating or Producing Party and an opportunity for the Designating or Producing Party to seek appropriate relief from the Court. Questions of the protection of confidential information during trial will be presented to the Court prior to or during the trial as needed.

20. Counsel for each party shall take reasonable precautions with regard to storage, custody and use of designated items to prevent the unauthorized or inadvertent disclosure of any protected information.

21. Neither the termination of this action nor the termination of employment of any person who has access to confidential information shall relieve any such person from the obligation of maintaining both the confidentiality and the restrictions on use of anything disclosed pursuant to this Order.

22. Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought.

23. The parties recognize that the scope of this Order may need to be modified and/or expanded should future circumstances warrant such modifications and/or expansions. Should such circumstances arise, the parties agree to negotiate a mutually acceptable amended protective order to present to the Court. If an agreed amended protective order cannot be reached, any party may file a motion for appropriate relief.

24. This stipulation is effective on the date it is signed by all parties.

Dated: April 13, 2009

/s/ *Melissa Hagan*
MELISSA B. HAGAN
Attorney for Defendant
UNION PACIFIC RAILROAD COMPANY

Dated: April 13, 2009

/s/ *Jerry Bernhaut*
JERRY BERNHAUT/signed with permission
Attorney for Plaintiff
NORTHERN CALIFORNIA RIVER WATCH

Dated: April 13, 2009

/s/ *Mordecai Boone*
MORDECAI BOONE/signed with permission
Attorney for Defendant
WEST COAST METALS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA WATCH,<br>a non-profit Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br>WEST COAST METALS INC. and DOES 1 – 10,<br>Inclusive,<br><br>    Defendants. | Case No.:8-CV-1256-MMC (BZ)<br><br>Agreement Concerning Material Covered by Protective Order<br><br>Date Filed: March 4, 2008 |

The undersigned hereby acknowledges that he/she has read the Agreed Protective Order entered in this action on the _____ day of _____, 200__, that he/she understands the terms thereof, and that he/she agrees to be bound by such terms.

Date:

Signature:

Please Print Name

STATE OF _____

COUNTY OF _____

    Subscribed and sworn to before me this _____ day of _____, 200___.

Notary Public in and for the

State of _____

-9-

Stipulation re:  Agreed Protective Order and Proposed Order
8-CV-1256-MMC (BZ)

# EXHIBIT A

**ORDER**

IT IS SO ORDERED

DATED: __April 14, 2009__

_____
Honorable Bernard Zimmerman
United States Magistrate Judge



-11-

Stipulation re: Agreed Protective Order and Proposed Order
8-CV-1256-MMC (BZ)